**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**COREEN J. RICHARDSON**                                                              **PLAINTIFFS**

**V.**                                                                    **NO. 4:20-CV-33-DMB-JMV**

**ANDREW SAUL, Commissioner**
**(Social Security Administration), et al.**                              **DEFENDANTS**

## ORDER

Before the Court is the Report and Recommendation issued by United States Magistrate Judge Jane M. Virden, which recommends that this case be dismissed without prejudice for lack of subject matter jurisdiction. Doc. #36.

## I
## Procedural History

On February 26, 2020, Coreen J. Richardson filed a complaint in the United States District Court for the Northern District of Mississippi against Andrew Saul, the Commissioner of the Social Security Administration ("SSA"), and four "agents" of the SSA—Tamarra Mitchell, "Mr. Jones," Alice Bariebi, and Jason White. Doc. #1. On May 9, 2020, the defendants filed a motion to dismiss on grounds of lack of jurisdiction and failure to state a claim. Doc. #16. Richardson then filed an amended complaint on May 15, 2020, against Saul, Mitchell, Barbieri,[1] and White. Doc. #18. The amended complaint alleges a violation of Richardson's due process rights, as well as state law claims for intentional infliction of emotional distress, fraudulent misrepresentation, and bad faith. *Id*. at 12–18. Richardson seeks compensatory and punitive damages, and permanent injunctive relief prohibiting the SSA from withholding future benefits from her or, alternatively, temporary injunctive relief directing the return of withheld funds. *Id*. at 19–20.

---

[1] The original complaint lists this defendant's last name as "Bariebi," *see* Doc. #1, while the amended complaint lists it as "Barbieri," *see* Doc. #18.

Richardson invokes the jurisdiction of this Court by arguing:

> This matter concerns a federal question and federal parties. Under 28 U.S. Code § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Secondly, under 28 U.S. Code § 2675, after failure of the federal agency to make final disposition within six months, this Court then has jurisdiction. Further, the Social Security Act of 42 U.S. Code § 405 grants benefits' recipients the right to seek review by a district court.

*Id.* at 12.

On May 27, 2020, the defendants filed a motion to dismiss the amended complaint for lack of subject matter jurisdiction. Doc. #19. Richardson responded in opposition to the motion on June 5, 2020, and the defendants replied six days later. Docs. #21, #24.

On January 13, 2021, United States Magistrate Judge Jane M. Virden issued a Report and Recommendation ("R&R") recommending that the motion to dismiss be granted and that Richardson's amended complaint be dismissed without prejudice for lack of subject matter jurisdiction. Doc. #36 at 26. Additionally, although not framed as a recommendation, the R&R notes that "the filing of Plaintiff's amended complaint mooted [the] initial motion to dismiss." *Id*. at 4 n.5. Richardson filed objections to the R&R on January 25, 2021. Doc. #37. The defendants responded to the objections three days later. Doc. #38.

## II
## Applicable Standards

Where objections to a report and recommendation have been filed, a court must conduct a "*de novo* review of those portions of the … report and recommendation to which the [parties] specifically raised objections. With respect to those portions of the report and recommendation to which no objections were raised, the Court need only satisfy itself that there is no plain error on the face of the record." *Gauthier v. Union Pac. R.R. Co.*, 644 F. Supp. 2d 824, 828 (E.D. Tex. 2009) (internal citations omitted) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996)). "Frivolous, conclusive, or general objections need not be considered

2

by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

Motions under Federal Rule of Civil Procedure 12(b)(1) challenge a court's subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) is characterized as either "facial" or "factual." *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.* 778 F.3d 502, 504 (5th Cir. 2015). A facial attack is based solely upon the complaint itself, whereas "[a] 'factual attack' … challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Where, as here, evidentiary materials are submitted in support of the motion to dismiss, the attack is said to be factual. *Superior*, 778 F.3d at 504.

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1) which does not implicate the merits of the plaintiff's cause of action, the district court "is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Flores v. Pompeo*, 936 F.3d 273, 276 (5th Cir. 2019) (internal quotation marks omitted). As a result, a district court may dismiss an action for lack of subject matter jurisdiction on any one of three different bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* The party asserting jurisdiction bears the burden of demonstrating that subject matter jurisdiction exists. *Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not necessarily prevent the plaintiff from pursuing the claim in the same forum or in another. *See Lopez v. Pompeo*, 923 F.3d 444, 447 & n.2 (5th Cir. 2019).

### III
### Motion to Dismiss Original Complaint

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend a pleading to which a responsive pleading is required within "21 days after service of a responsive pleading or 21 days

after service of a motion under Rule 12(b), … whichever is earlier." Generally, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). "[W]hen a motion to dismiss has been filed against a superseded complaint, the proper course ordinarily is to deny the motion to dismiss as moot." *Ellis v. Lowndes Cnty.*, No. 1:16-CV-177, 2017 WL 4678222, at *1 (N.D. Miss. Oct. 17, 2017); *see Reyna v. Deutsche Bank Nat'l Tr. Co.*, 892 F. Supp. 2d 829, 834 (W.D. Tex. 2012) (collecting cases).

Richardson filed her amended complaint six days after the defendants filed their motion to dismiss her original complaint. *See* Docs. #16, #18. Because the amended complaint does not reference or incorporate the original complaint, the latter has been superseded by the former. Accordingly, consistent with the note in the R&R, the defendants' first motion to dismiss is denied as moot.

**IV**
**Motion to Dismiss Amended Complaint**

The relevant factual background is set forth in detail in the R&R. *See* Doc. #36 at 1–5. However, it is sufficient to note that Richardson alleges the various defendants are responsible for wrongfully "blocking" her from pursuing administrative remedies with respect to a request that the Social Security Administration waive $5,487.00 in overpayment liability of which $1,596 was being withheld from her benefits payments. The amended complaint asserts four claims: (1) "Denial of Due Process"[2] (Count One); (2) intentional infliction of emotional distress (Count Two); (3) "fraudulent misrepresentation" (Count Three); and (4) "bad faith" (Count Four). Doc.

---

[2] The R&R interpreted this count as asserting a "putative ultra vires claim." *See* Doc. #36 at 6. But an allegation that a governmental official engaged in an ultra vires act is not itself a claim. Rather, it is an "exception to sovereign immunity." *Danos v. Jones*, 652 F.3d 577, 583 (5th Cir. 2011). Because the Court finds that Richardson's claims fail on other jurisdictional grounds, it need not ultimately decide whether the ultra vires exception applies.

#18 at 12–17.   During the pendency of this litigation, the Social Security Administration issued a

"Fully Favorable" decision waiving the overpayment liability.   *See* Doc. #34-1.   According to

the parties, Richardson has since received the previously withheld funds.

The R&R recommends dismissal of the amended complaint based on the conclusion that

subject matter jurisdiction is lacking because the claims arise under the Social Security Act and

were not exhausted pursuant to the administrative remedies prescribed by the agency.   Doc. #36

at 12–22.   The R&R further recommends that Richardson's tort claims be dismissed for lack of

jurisdiction for failure to comply with the requirements of the Federal Tort Claims Act.   *Id.* at 23–

26.   As an alternative basis for dismissal of Count One, the R&R recommends that Count One be

dismissed as moot because the claim is not based on an adverse determination.   *Id.* at 22.

## A.  Mootness

Before turning to the R&R, the Court must first consider whether the subsequent return of

the allegedly wrongfully withheld funds has mooted this case.

"Article III's 'case or controversy' requirement permits federal courts to adjudicate only

live disputes—a party must retain a legally cognizable interest in the outcome of an issue, or its

resolution is moot."   *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 548 (5th Cir. 2020) (internal

quotation marks omitted).   "[R]esolution of a particular issue may be moot even if other issues …

remain ripe."   *Id*.   To determine mootness, the "central question is whether decision of a once-

living dispute continues to be justified by a sufficient prospect that the decision will have an impact

on the parties."   *Id*. (cleaned up).

"A request for injunctive relief generally becomes moot when the event sought to be

enjoined takes place."   *Boerschig v. Trans-Pecos Pipeline, L.L.C.*, 872 F.3d 701, 704 (5th Cir.

2017).   However, claims for damages ordinarily will not be mooted by subsequent litigation

activity.   *Brown v. Taylor*, 677 F. App'x 924, 930 (5th Cir. 2017) ("Regardless of what

prospective relief remains viable, Brown's claims are not moot because he requests damages.") (citing *Morgan v. Plano Indep. Sch. Dist.*, 589 F.3d 740, 748 (5th Cir. 2009)).

Where a controversy has been facially mooted by a defendant's voluntary cessation of a practice, the issue will not be moot unless "it is *absolutely* clear that the allegedly wrongful behavior could not be reasonably expected to recur." *Speech First, Inc. v. Fenves*, 979 F.3d 319, 328 (5th Cir. 2020) (internal quotation marks omitted). While this is a "heavy burden," "government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties. Without evidence to the contrary, [courts] assume that formally announced changes to official governmental policy are not mere litigation posturing." *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 325 (5th Cir. 2009).

Here, to the extent Richardson seeks injunctive relief requiring the defendants to cease withholding funds and/or to return the funds being withheld, such requested relief has been mooted by the agency decision waiving the overpayment liability and the subsequent release of the withheld funds. Furthermore, insofar as there is no evidence which would suggest the waiver of the overpayment liability and the ensuing release of the withheld funds are "mere litigation posturing," the Court concludes that the voluntary cessation exception is inapplicable. Accordingly, the injunctive relief claims will be dismissed as moot. The damages claims, however, remain viable.

## B. Count One

Together, 42 U.S.C. §§ 405(g) and (h) provide for a federal court's jurisdictional authority to review the decisions of the Social Security Administration regarding a claimant's disability benefits. *Smith v. Berryhill*, 139 S. Ct. 1765, 1771–72 (2019). Section 405(g) "sets the terms of judicial review" under the Social Security Act, *id.* at 1772, and § 405(h) "purports to make

exclusive the judicial review method set forth in § 405(g) for claims falling within its scope," *In re Benjamin*, 932 F.3d 293, 296 (5th Cir. 2019) (internal quotation marks omitted).

42 U.S.C. § 405(h) provides:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in § 405(g)]. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

The second sentence of § 405(h) serves two purposes: "it channels claims challenging a certain type of agency decision … into § 405(g)" and "it ensures that § 405(g) is the sole jurisdictional avenue for the channeled claims." *Benjamin*, 932 F.3d at 300. The third sentence, by its express terms, prohibits a district court from exercising federal question jurisdiction or jurisdiction pursuant to § 1346 of the FTCA over claims against the government, the Commissioner, or any federal officer or employee arising under the Social Security Act. *See Weinberger v. Salfi*, 422 U.S. 749, 756–57 (1975). An action arises under the Social Security Act when the Act provides "the standing and the substantive basis" for the party's claims. *Id.* at 760–61 (1975); *see RenCare, Ltd. v. Humana Health Plan of Tex.*, 395 F.3d 555, 557 (5th Cir. 2004) ("A claim arises under the Medicare Act if both the standing and the substantive basis for the presentation of the claim is the Medicare Act.") (internal quotation marks omitted).[3] An action also arises under the Act when the claims are "inextricably intertwined" with a claim for benefits. *RenCare*, 395 F.3d at 557. A claim is inextricably intertwined with a benefits determination when, "[a]t bottom," the plaintiff's claim argues that the plaintiff should have received benefits which were denied. *Midland Psychiatric Assocs., Inc. v. United States*, 145 F.3d 1000, 1004 (8th

---

[3] Section 405 applies to the Medicare Act "to the same extent" it applies to the Social Security Act. *Blue Valley Hosp., Inc. v. Azar*, 919 F.3d 1278, 1283 n.2 (10th Cir. 2019).

Cir. 1998).

The R&R found that Count One was inextricably intertwined with Richardson's claim for benefits because Richardson "clearly seeks a reversal of the waiver of recoupment decision," and therefore recommends that this Court find Count One arises under the Social Security Act. Doc. #36 at 20. No party has objected to this recommendation and, to the extent the claim is based on the alleged deprivation of Richardson's rights to her social security benefits,[4] the Court finds no plain error in this regard.

The R&R also found that the August 31, 2020, administrative decision mooted Count One because "§ 405(g) requires a determination adverse to the claimant … and Plaintiff has now received a reversal of the denial of her waiver request and has made no supplemental claim that reimbursement of the recouped benefits is not forthcoming." Doc. #36 at 22. This recommendation is based on *Marsaw v. Thompson*, a case in which the Fifth Circuit held that because "[a] condition for jurisdiction under § 405(g) is … a determination adverse to the claimant," a favorable determination moots claims arising under the statute, including claims asserting violations of constitutional rights. 133 F. App'x 946, 948 (5th Cir. 2005). The Court agrees with the R&R that, pursuant to *Marsaw*, the fully favorable (and now final) determination of the agency deprives this Court of a necessary condition for jurisdiction under § 405(g). Accordingly, dismissal of this claim for lack of jurisdiction is warranted.[5]

## C. Remaining Counts

Richardson alleges that the defendants intentionally inflicted emotional distress upon her by "taking unprecedented steps to block [her] from a hearing by an ALJ," among other things, and

---

[4] *See* Doc. #18 at 12.

[5] Having reached this conclusion, the Court declines to address the merits question raised by the R&R as to whether the claims were properly exhausted. *See generally Smith*, 139 S. Ct. at 1773 ("This case involves the latter, nonjurisdictional element of administrative exhaustion."); *Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1173 (9th Cir. 2013) ("[B]ecause we agree that Righthaven did not have standing, it is not appropriate for us to go further or for the district court's alternative [merits] ruling to stand.").

claims that because the defendants "acted outside of their statutory authority or with actions constitutionally void," she is entitled to damages and a decision setting aside the overpayment recovery pursuant to "Mississippi law through U.S. Code § 1346." Doc. #18 at 14–16. Richardson seeks similar relief for the fraudulent misrepresentation and bad faith claims, by alleging that the defendants made certain false statements material to her appeal process and acted in bad faith by blocking her from an ALJ hearing. *Id.* at 16–18. These claims are asserted through the vehicle of the Federal Tort Claims Act ("FTCA"). The R&R recommends dismissal of these tort claims because the claims do not meet the requirements of the FTCA and because even if they did, they would be subject to dismissal as unexhausted under § 2675 of the FTCA. Doc. #36 at 24–26.

> Section 1346(b) of the FTCA grants federal courts jurisdiction over claims that are:
>
> [1] against the United States, [2] for money damages, … [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021). In order for a court to have subject matter jurisdiction over an FTCA claim, the plaintiff must plausibly allege all six elements outlined above. *Id.* Furthermore, "[a]s a jurisdictional prerequisite under the FTCA, a claimant must exhaust his claim administratively before suing by giving notice of the claim to the appropriate federal agency." *Semien v. United States*, 838 F. App'x 88 (5th Cir. 2021) (citing *Cook v. United States ex rel. U.S. Dep't of Labor*, 978 F.2d 164, 165–66 (5th Cir. 1992)).

The R&R found that the Court lacks subject matter jurisdiction of the FTCA claims because the agency and individual employees are named as defendants instead of the United States, Doc. #36 at 24–25, and that even if Richardson's FTCA claims may be construed as against the United States, Richardson has not shown she exhausted her administrative remedies before filing

9

suit, *id.* at 26. Richardson objects on arguments that the defendants were on notice that she would suffer "irreparable harm" and that they disregarded the notice and proceeded to inflict harm when they took her benefits in February 2020. Doc. #37 at 8. These objections are overruled.

First, the amended complaint names the Commissioner of Social Security and agency employees as defendants to this lawsuit.[6] Doc. #18 at 1. However, the proper defendant to an FTCA claim is the United States. *See* 28 U.S.C. § 1346(b). Because neither the agency nor an agency employee is a proper defendant to the FTCA claims, such claims must be dismissed for lack of subject matter jurisdiction.

Even assuming these claims may be construed as claims against the United States, the FTCA requires a plaintiff to exhaust certain administrative remedies before filing suit. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted [pursuant to § 1346] unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing …."); *see Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981) ("The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA."). "A claim is properly presented within the meaning of § 2675(a) when the agency is given sufficient written notice to commence investigation and the claimant places a value on the claim." *Pleasant v. U.S. ex rel. Overton Brooks Veterans Admin. Hosp.*, 764 F.3d 445, 448 (5th Cir. 2014). Once a claim is properly presented, a plaintiff may not pursue an FTCA action until the claim has "been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a).

The amended complaint contains no allegations that the tort claims were presented to the

---

[6] The amended complaint does not clarify whether the suit is against the defendants in their individual or official capacities. Each claim asserts that the defendants "acted outside of their statutory authority or with actions constitutionally void," however, the prayer for relief requests that "Defendant Andrew (SSA), via his agents, Alice, Tamarra, and Jason, be assessed actual damages for all medical visits' costs resulting from their intentional infliction of emotional distress, pursuant to Count 2." Doc. #18 at 15–19.

agency or exhausted before filing suit.[7] Richardson's objection that the defendants were "on notice" of the harm does not establish that she exhausted the administrative remedies. It appears the harm to which Richardson refers is the harm associated with the denial of benefits, not the associated tort claims. To the extent Richardson is arguing that the tort claims are based on the denial of benefits, they are properly deemed as arising under the Social Security Act and, therefore, would fail for the same reason as Count One. To the extent the claims are based on separate harms, the notice would necessarily be insufficient. Furthermore, there is no indication Richardson presented the value of any such claim. Thus, because Richardson has failed to comply with the notice requirement, her tort claims, which are asserted through the FTCA,[8] must be dismissed for lack of jurisdiction.

## V
## Conclusion

The Report and Recommendation [36] is **ADOPTED in Part and REJECTED as Moot in Part**. It is ADOPTED to the extent it recommends that Count One be dismissed as moot based on the absence of an adverse determination and to the extent it recommends that Counts Two, Three, and Four be dismissed for failure to comply with the requirements of the FTCA. It is REJECTED as moot in all other respects. Accordingly, the motion to dismiss [19] is **GRANTED** and the amended complaint is **DISMISSED without prejudice** for lack of subject matter jurisdiction. The first motion to dismiss for lack of jurisdiction [16] is **DENIED as moot**.

**SO ORDERED**, this 26th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] Section 2675(a) provides that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall … be deemed a final denial of the claim for the purposes of this section." Relying on this, Richardson alleges, under Count One of the amended complaint, that the SSA's decision not to waive the overpayment was deemed a final denial after six months passed and therefore she could seek judicial review. Doc. #18 at 14. However, § 2675(a) stands as an exception to the *final decision* requirement, not the notice requirement.

[8] To the extent Richardson seeks to circumvent the FTCA by arguing that the various individual defendants were acting outside the scope of their employment, she has asserted no independent jurisdictional basis for such claims.